JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
ERIN C. BLACKADAR, IDAHO STATE BAR NO. 8996
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>JUAN VICTOR GRANADOS, JR.,<br><br>    Defendant. | Case No. 1:24-cr-00074-AKB<br><br>**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM** |

  The Defendant comes before the Court having pleaded guilty to the charge of possession of child pornography. Because the Defendant is a repeat sex offender, the Government recommends that the Court sentence the Defendant to a term of imprisonment of 168 months, a high-end guideline sentence, to be followed by a lifetime of supervised release, to run concurrently with the sentence imposed for the supervised release violation in case 1:10-cr-00067-DCN.

## BACKGROUND

  On July 26, 2010, the Defendant was convicted of possession of sexually explicit images of minors in case number 1:10-cr-00067-DCN in United States District Court for the District of

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 1**

Idaho. He was sentenced to 120 months imprisonment, followed by 15 years of supervised release. The Defendant began supervised release in the District of Idaho in April 2019. In January 2024, the Defendant's probation officer suspected the Defendant possessed, and was regularly using, one or more unauthorized internet capable devices. On January 23, 2024, U.S. Probation, with the assistance of the Nampa Police Department, conducted a search of the Defendant's residence. During this search, investigators located 21 unapproved electronic devices, including a cell phone, a tablet, MicroSD cards, a GoPro camera, thumb drives, and hard drives. A forensic examination of the devices revealed three of them contained thousands of images of child sexual abuse material (CSAM). The Defendant's CSAM collection was apparently stored in an age-based folder system, with more than 50 folders. For example, one of folders had the following structure: "Fav" with a subfolder entitled "!Yngteen," which contained hundreds of images of prepubescent females performing oral sex on adult males and engaged in intercourse with adult males. The CSAM included images of children under the age of 12 and images of sadistic or masochistic conduct. In total, the Defendant possessed 1,986 CSAM images, 12,426 child exploitation/age difficulty images, 3,858 child erotica images, and 10 toddler images.

The Defendant was indicted by an Idaho grand jury in March 2024 for one count of possession of child pornography, in violation of 18 U.S.C. § § 2252A(a)(5)(B), (b)(2), and 2256(8)(A). The Indictment also contained a special allegation due to the Defendant's prior conviction. Pursuant to a plea agreement, the Defendant pleaded guilty to the Indictment in June 2024. The Defendant is now before this Court for sentencing.

## APPLICABLE SENTENCING GUIDELINES RANGE

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 2**

The Government agrees with the Probation Officer's calculations outlined in the Final Presentence Report. (Dkt. 26.) The Government does not object, in this particular case, to the Court granting a 2-level downward variance to eliminate the use of a computer enhancement under USSG § 2G2.2(b)(6). Such a variance is typically given in this District unless the Defendant used the computer in a unique, aggravated, or atypical manner. If the Court grants a 2-level downward variance to eliminate the user of a computer enhancement, the total offense level will be 31. After this variance, the Defendant has a total offense level of 31 and a criminal history category of III, for a resulting guideline range of 135-168 months. As previously stated, the Government is recommending a sentence of 168 months.

## SENTENCING ANALYSIS UNDER 18 U.S.C. § 3553

A.  The Nature and Circumstances of the Offense

The Defendant, who was on federal supervised release for prior sex offense at the time of this offense, possessed thousands of images of CSAM. Simply put, the Defendant is undeterred in his exploitative conduct. The Defendant's repeated consumption of CSAM is a serious offense that has a significant impact on the child victims in the images. These CSAM files depict what are no doubt some of the most traumatizing moments of the child's life. The children in the images are not mere abstractions or objects; they are real and helpless children who experienced untold horror for the images to be produced.

The Defendant, by possessing these images for his own sexual gratification, further exploited these children and perpetuated the CSAM industry. In *United States v. Daniels*, the Ninth Circuit explained that "merely possessing child pornography is not a victimless crime," because "it fuels the demand for the creation and distribution of child pornography," and evidence shows "the harm that children suffer when they are used in the creation of child

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 3**

pornography[,] ... when that pornography is distributed to others." *United States v. Daniels*, 541 F.3d 915, 924 (9th Cir. 2008). The Defendant's possession of these materials helped to fuel this demand and re-victimized the children depicted in the images.

The victim impact statements in the PSR provide insight on the horror that CSAM victims experience. According to one of the identified victims, the suffering does not stop when the sexual abuse ends. Rather, CSAM victims live in fear that the images of their abuse are forever accessible, including by individuals like the Defendant.

> As a child I didn't have a choice what happened to me. Now, I have to suffer twice; the first time was being abused and the second time is the ongoing anxiety due to the images of my abuse forever accessible. It's impossible to cope with and accept that I have to live with the images of my abuse being available on the internet indefinitely. These images will live on the

The nature and circumstances heavily weigh in favor of the Government's recommendation of a 168-month sentence.

**B.      The History and Characteristics of the Defendant**

At 45 years old, the Defendant has a lengthy history of sexual offending behavior, dating back almost three decades, and there is nothing about his personal history or characteristics that warrant a low, or even mid-range, guideline sentence. He committed his first sex offense as a 15-year-old juvenile against a five-year-old. He also has two adult convictions for sex offenses; a state conviction from 2005 for sexual battery of a minor child 16/17 and sexual exploitation of a child, where he served 2 years of fixed prison time with 8 years of parole, and a federal conviction from 2010 where he received a 120-month prison sentence with 15 years of supervised release. At the time of his first federal conviction in 2010, an Idaho state court case alleging one count of lewd conduct with a child under 16 and one count of sexual battery of a minor child 16/17 was dismissed due to his federal case. Alarmingly, the Defendant has violated each term of community supervision he has been granted by committing a new sexual

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 4**

offense. The current case is no different. The Defendant was on federal supervision for possession of sexually explicit images of minors when he committed the instant offense.

The Defendant has hands-on victims, ranging from age five to fourteen and a history of viewing CSAM. His sexual offending history has persisted over a period of approximately 29 years. Despite nearly three decades of judicial interventions, including incarceration, sex offender treatment, and community supervision, the Defendant remains undeterred in the exploitation of children. His undeterred conduct demonstrates that he is an ongoing risk to children in our community. He is clearly sexually aroused by images of children being raped. The psychosexual evaluation opines that he is a high risk to reoffend, which is significant, given he has previously engaged in extensive sex offender treatment. The history and characteristics of the Defendant support a high-end guideline sentence of 168 months. Additionally, his period of incarceration should be followed by a lifetime of supervised release because of high risk to reoffend in the community.

**C.      The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment.**

The Defendant's continued downloading and viewing of CSAM is a serious offense. Considering the Defendant is a repeat offender who was already on supervised release for a similar offense, a high-end guideline sentence is warranted, and reflects the seriousness of the offense. A sentence of 168 months will also promote respect for the law and represent just punishment.

**D.      The Need for the Sentence Imposed to Afford Adequate Deterrence and to Protect the Public**

Children are some of the most vulnerable members of our society. Individuals who seek to exploit children for their sexual desires must be deterred by the criminal justice system. A high-end guideline sentence is necessary to deter the Defendant, who presents an ongoing and

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 5**

heightened risk to the community.  This sentence will also serve to deter others from sexually exploiting children.

E. **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner**

The Bureau of Prisons (BOP) can provide the Defendant with sex offender treatment programs.  *See* https://www.bop.gov/policy/progstat/5324_010.pdf.  BOP has programs located throughout the United States, at facilities with differing security levels.  If the Defendant is designated to a BOP facility offering such a program, then sentencing the Defendant to 168 months would allow him ample time to participate in such treatment, assuming he volunteers for the program and makes good faith efforts at participation.

## CONCLUSION

Application of 18 U.S.C. § 3553 supports a sentence of 168 months and a lifetime of supervised release, to run concurrently with the sentence imposed for the supervised release violation in case 1:10-cr-00067-DCN, for the Defendant's commission of the crime of possession of child pornography.  The Government submits that a sentence of 168 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 9th day of October, 2024.

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

*/s/ Erin Blackadar*
ERIN C. BLACKADAR
Assistant United States Attorney

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM - 6**